Mr. Larry R. Soward Executive Director Texas Water Commission P.O. Box 13087 Austin, Texas 78711
Re: Whether a corporate guarantee given by the operator of a hazardous waste facility as a mechanism for demonstration of financial responsibility can be enforced if the owner or operator of a subsidiary corporation has signed a settlement agreement disclaiming liability
Dear Mr. Soward:
You seek clarification of Attorney General Opinion JM-653 (1987). Opinion JM-653 addressed federal rules that allow the use of a parent corporate guarantee as an alternative to liability insurance to comply with federal liability requirements for hazardous waste facilities. In Opinion JM-653, this office determined:
 A corporate guarantee which is executed to comply with the third party liability requirements for hazardous waste facilities and which tracks the language of the corporate guarantee set forth in section 264.151(h)(2) of Title 40 of the Code of Federal Regulations creates a third party `creditor' beneficiary contract which can be enforced in Texas. Establishing a particular third party claim upon the guarantee depends upon an initial determination of liability against the hazardous waste facility in question and upon the performance of all of the basic elements necessary to create a contract. (Emphasis added.)
Because the corporate guarantee is to be interpreted and enforced in accord with the laws of the state in which the guarantor is incorporated, the federal rules require a written statement from the Attorney General attesting that the corporate guarantee required by the rules is legally enforceable. See40 C.F.R. § 264.147(g)(2). You indicate that the United States Environmental Protection Agency expressed concern that the statement, underscored above, in Opinion JM-653 could be read to preclude enforcement of a corporate guarantee when the hazardous waste facility enters into a settlement agreement that disclaims liability. The Environmental Protection Agency stated that most settlement agreements contain a disclaimer of liability by the hazardous waste facility in question. We believe that these concerns are unfounded.
As indicated in Attorney General Opinion JM-653, enforcing the corporate guarantee in question depends on an "initial determination of liability." This liability may take the form of contractual liability imposed by a settlement agreement. Most settlement agreements disclaim tort liability and fix a specific amount as settlement of a third party's claim. This establishes contractual liability for the amount of the settlement agreement. Attorney General Opinion JM-653 does not indicate that it is necessary to have a court determination of tort liability before the corporate guarantee may be enforced.
The corporate guarantee set forth in the federal code and quoted in Opinion JM-653 expressly recognizes that the contractual liability imposed by a settlement agreement can form the basis for the enforcement of the corporate guarantee. Section 3 of the guarantee provides:
 For value received from [owner or operator], guarantor guarantees to any and all third parties who have sustained or may sustain bodily injury or property damage caused by [sudden and/or nonsudden] accidental occurrences arising from operations of the facility(ies) covered by this guarantee that in the event that [owner or operator] fails to satisfy a judgment or award based on a determination of liability for bodily injury or property damage to third parties caused by [sudden and/or nonsudden] accidental occurrences, arising from the operation of the above-named facilities, or fails to pay an amount agreed to in settlement of a claim arising from or alleged to arise from such injury or damage, the guarantor will satisfy such judgment(s), award(s), or settlement agreement(s) up to the limits of coverage identified above. (Emphasis added.)
This type of corporate guarantee is enforceable in Texas. See Attorney General Opinion JM-653.
 SUMMARY
A corporate guarantee based on contractual liability imposed by a settlement agreement may be legally enforced in Texas.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General